NEW JERSEY MISCELLANEOUS REPORTS. 841

N. J. Dept. Labor—Ross v. Lyceum Theatre.

NEW JERSEY DEPARTMENT OF LABOR,
WORKMEN'S COMPENSATION BUREAU.

JENNIE ROSS, GUARDIAN OF JOHN RAPOLA, PETITIONER,
v. LYCEUM THEATRE, RESPONDENT.

Employe of a Theatre Died From an Abscess on the Lungs—
Some Evidence That Her Cheek Had Been Injured as the
Result of Contact With a Chair Arm—Evidence That Such
an Accident Could Have Caused the Abscess Inadequate—
All Other Evidence Fails to Connect the Cause of the Ab-
scess With Her Employment by Respondent—Case Dis-
missed.

For the petitioner, *Nathan Rabinowitz.*

For the respondent, *McCarter & English.*

This case was tried before me on formal petition and
answer, at Paterson, on September 17th, 1925, and Febru-
ary 18th, 1926, the petitioner being represented by Nathan
Rabinowitz and the respondent by McCarter & English. It
in an action on a dependent's claim petition for the death of
Nellie Rapola. There is some testimony to the effect that on
December 8th, 1924, the deceased, while working for the
respondent in the latter's theatre, bumped her cheek on a
chair arm. She died May 26th, 1925, from an abscess on
the lungs.

Dr. Roemer, testifying for the plaintiff, did not treat the
deceased, nor did he ever see her. In answer to a hypo-
thetical question, he stated that in his opinion the blow to
the cheek caused the lung abscess. He based this on an in-
fection entering from an abrasion of the cheek. However,
the entire testimony in the petitioner's case is to the effect
that there was no such abrasion. Dr. Bullen, testifying for
the petitioner, first saw the deceased on May 6th, 1925, just
prior to her death. He gives his opinion that the blow caused
the lung abscess. His theory is that an infection was set up

from a fracture of the maxilary bone. The hospital records, X-rays and testimony of the doctors who performed an operation February 23d, 1926, on the deceased in the identical maxilary region, all of which are in the petitioner's case, show affirmatively that there was no such fracture. Dr. Vreeland, testifying for petitioner, treated the deceased from February 16th, 1925, until some time after March 7th, 1925, and on February 26th, 1925, performed the operation referred to, with the assistance of Dr. Levendusky. He states positively that the condition of the deceased was due to an inter-cranial mass, having no connection with the cheek or cheek bone. Dr. Levendusky, testifying for the petitioner, had no independent recollection of the case at all, but referring to his notes on his examination of the deceased at the time of her admission to the hospital found no reference whatsoever to any injury to her cheek. Dr. Dennion, testifying for the respondent, treated the deceased in the latter part of December, 1924. At that time her trouble was with her eyes and due to cranial pressure with no connection with the maxilary region, nor was there any sign of anything wrong there.

On the testimony, it is plain that the blow on the cheek did not result in, or have any connection with, the lung abscess from which the deceased died.

\*      \*      \*      \*      \*      \*      \*      \*

HARRY J. GOAS,
*Deputy Commissioner.*